Otis Drury & another *vs.* Alexander Vannevar.

The attestation of a note, within the Rev. Sts. *c.* 120, § 4, must be made with the knowledge of the promisor, and as a part of the same transaction with the making of the note; and whether it is so made is a question of fact for the jury, as to which the burden of proof is on the promisee.

In this action, which was brought to recover the amount due on a promissory note, given by the defendant to the plain· tiff, dated January 31, 1835, and purporting to be witnessed, the defendant relied on the statute of limitations, Rev. Sts. *c.* 120, § 1, in defence, and the question was, whether the note was "signed in the presence of an attesting witness," within the fourth section of the same chapter.

At the trial, which was in the court of common pleas, before *Colby*, J., the plaintiff called the subscribing witness, who testified that he was clerk of the plaintiff from 1832 to 1836 ; that he was called into the counting room for the purpose, and was present when the defendant signed the note, and saw him sign it; that the witness attested immediately by the direction of one of the plaintiffs, in presence of the defendant, and within three or four feet of him, whilst the note was lying on the desk where it was signed, but he could not state whether or not the defendant knew that the note was so attested ; that the witness had attested many notes, and there was nothing unusual on the present occasion; that one of the plaintiffs directed the attestation, whilst

he was standing on the opposite side of the desk on which it was signed, and spoke as loud as usual.

The plaintiff requested the judge to instruct the jury, that if they found "that the note was witnessed, at the time, in the presence of the defendant, in the manner, and under the circumstances testified to by the witness, and the defendant had an opportunity of seeing or knowing the fact, it would be immaterial whether the defendant actually saw or knew of the attestation or not; and, if such knowledge were material, there being no evidence to the contrary, the law would presume that the defendant saw or knew that it was attested."

The judge declined so to instruct the jury, but instructed them, "that the burden of proof was on the plaintiffs, to show that the note was attested in the presence, and with the knowledge of the promisor."

The jury returned a verdict for the defendant, and the plaintiffs filed exceptions.

*D. A. Simmons*, for the plaintiffs.

*G. W. Cooley & E. F. Hodges*, for the defendant.

Shaw, C. J. The judge, before whom the trial took place, was correct in declining to instruct the jury, as requested by the plaintiffs, that it was a presumption of law from the facts in evidence, that the defendant saw or knew of the attestation. Whether the defendant saw or knew of the attestation was a question of fact, which it was for the jury to decide, upon the evidence before them; and there was evidence in the case sufficient for the jury to act upon, and from which they would have been authorized to infer the fact of knowledge. In order to constitute an attestation of a note, within the statute, the witness must put his name to it openly, and under circumstances which reasonably indicate, that his signature is with the knowledge of the promisor, and is a part of the same transaction with the making of the note. The judge was also correct in saying, that the burden of proof was on the plaintiffs, to show that the note was properly attested; but taking the instructions prayed for in connection with that which was given, we think the jury were left to

infer, or that they might have thought themselves at liberty to infer, that the defendant's knowledge could only be proved by positive evidence, instead of being an inference of fact, which they were authorized to make from the facts in evidence. The instructions not being sufficiently clear in this particular, the exceptions are sustained, the verdict set aside, and a new trial ordered in this court.